UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVPREET SINGH, (A235-602-613), | No.  1:26-cv-01055-DAD-CKD |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| CHESTNUT, | |
| Respondent. | |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.     Factual and Procedural History**

Petitioner, a native and citizen of India, entered the United States on September 21, 2017, with a visitor visa and has remained in the United States beyond the time permitted. ECF No. 14-1 at 2. He is married to a U.S. citizen, with whom he has one biological child and one stepchild. ECF No. 14 at 2, 3. See also ECF No. 14-5, 14-13. On May 24, 2022, Petitioner was arrested after an incident involving his wife. ECF No. 14-3. He pled nolo contendere to Cal. Penal Code § 236 (false imprisonment) and § 136.1(b)(1) (dissuading witness from reporting crimes). Id.

On February 21, 2025, Petitioner filed an and I-130 Petition for Alien Relative and I-485 Application to Register Permanent Residence or Adjust Status with U.S. Citizenship and

1

Immigration Services ("USCIS"). ECF No. 14-1, 14-6. When he appeared for an interview on that application on June 9, 2025, agents from U.S. Immigration and Customs Enforcement ("ICE") detained him and initiated removal proceedings against him. ECF No. 14-1. USCIS later administratively closed Petitioner's I-485 adjustment of status application because he was – and remains – in removal proceedings. ECF No.14-6. See also 8 C.F.R. § § 245.2(a)(1); 1245.2(a)(1). The record is unclear as to the status of the underlying I-130 petition.

Petitioner has had two bond hearings before an Immigration Judge ("IJ"). On July 25, 2025, an IJ denied bond, finding that Petitioner had not met his burden to demonstrate that he does not pose a danger to society. ECF No. 13 at 14. Another IJ denied bond again on November 14, 2025, finding no significant change in circumstances. Id. at 17.

Petitioner filed a pro se petition for writ of habeas corpus on February 6, 2026, alleging that his prolonged detention – seven months at the time of the initial filing – violates the Due Process Clause of the Fifth Amendment. ECF No. 1. In a subsequent reply brief submitted by counsel, Petitioner further alleged that the arrest at the adjustment of status interview violated the Immigration and Nationality Act ("INA") and that the grounds for his continued detention was based on a clearly erroneous factual determination. ECF No. 14. Respondent's answer noted that Petitioner received the bond hearings to which he's entitled and that Petitioner contributed to delays in removal proceedings by seeking continuances. ECF No. 13. In response to Petitioner's argument that the arrest violated the INA, Respondent asserted that the case upon which Petitioner relied, You, Xiu Qing v. Nielsen, 321 F. Supp. 3d 451, 466 (S.D.N.Y. 2018) is distinguishable because the petitioner in that case was subject to a final removal order and it was not clear whether he also had a criminal history. ECF No. 17.

## II.     Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and

it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

The detention of a noncitizen pending removal proceedings is governed by 8 U.S.C § 1226. Provisions relating to the adjustment of status of noncitizens to that of lawful permanent resident are found in 8 U.S.C. § 1255 and 8 C.F.R. § 245.

### III.    Analysis[1]

Various courts, including the Eastern District of California, have found that the government violates the INA when it detains a noncitizen at adjustment of status interviews because the detention interferes with the noncitizen's ability to apply for relief to which they are statutorily entitled. See You, Xiu Qing v. Nielsen, 321 F. Supp. 3d 451 (S.D.N.Y. 2018); Franco v. Meyer, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782 (E.D. Cal. Nov. 25, 2025).

Before discussing the relevant caselaw, it is helpful to understand the process by which a noncitizen may adjust their status to lawful permanent resident ("LPR"). A noncitizen who is present in the United States lawfully may apply for LPR status (colloquially referred to as a "green card"), if otherwise eligible, by filing a form I-485 Application to Register Permanent Residence or Adjust Status. 8 U.S.C. § 245.2(a)(3)(ii). However, one cannot apply for adjustment of status unless they first obtain an immigrant visa or can show that one is immediately available to them - commonly through an approved I-130 Petition for Alien Relative. 8 U.S.C. § 245.2(a)(2)(i). Although either a USCIS officer or an Immigration Judge ("IJ") may adjudicate an I-485 adjustment of status application, only USCIS officers may adjudicate the prerequisite I-130 petitions. U.S. Dep't of Justice, Executive Office for Immigration Review Practice Manual § 1.4, https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm/chapter-1-4. In other words, although an IJ can adjudicate an adjustment of status application for someone in proceedings, they can only do so if USCIS *first* approves the I-130 immigrant visa petition. Id. See also 8

---

[1] This analysis focuses on Petitioner's argument that the arrest at Petitioner's adjustment of status interview violated the INA. In the interests of judicial economy, any remaining claims in the § 2241 petition are not addressed herein.

3

C.F.R. § 1245.2(a)(2)(i).

In the instant case, Petitioner, who was not in removal proceedings at the time, concurrently filed an I-485 adjustment of status application and I-130 petition with USCIS. ECF No. 14-1 at 2. Had ICE not arrested Petitioner at his adjustment of status interview, USCIS would have continued adjudication of his I-130 and I-485 applications. If USCIS approved both applications, Petitioner would become a lawful permanent resident. If USCIS denied the petitions, they would be able to initiate removal proceedings. 8 C.F.R. § 239.1 By detaining and placing Petition in removal proceedings *before* USCIS could adjudicate the petitions, ICE eliminated USCIS' authority to grant Petitioner's application for LPR status. 8 C.F.R. § 1245.2(a)(1)(i). Although Petitioner may seek to renew his application for adjustment of status before the IJ, the IJ cannot approve the application without USCIS' approval of the underlying I-130.[2] As a result of ICE's detention, Petitioner risks being removed from the United States before his application can be adjudicated.

In You, Xiu Qing v. Nielsen, 321 F. Supp. 3d 451 (S.D.N.Y. 2018), the United States District Court for the Southern District of New York found that ICE likely violated the INA when they invited the petitioner to an adjustment of status interview then detained him rather than complete the interview:

> Respondents deployed § 1255 to effectuate the opposite of its intended outcome for [noncitizens] like Petitioner. Respondents used the adjustment of status scheme as a sword when it was intended to be used as a shield. As such, Respondents' arrest and detention of petitioner "upset[ ] the balance Congress created." Succar v. Ashcroft, 394 F.3d 8, 10 (1st Cir. 2005).
>
> The Court rejects arrest and detention practices predicated on manipulating the laws that Congress has passed. Congress did not intend its carefully considered adjustment of status process for a select group of [noncitizens] to become a mechanism for "gotcha" law enforcement. Nor could it, without raising serious constitutional concerns. These types of bait-and-switch tactics are not only a perversion of the statute, but also likely offensive to "the concept of ordered liberty." Rochin v. California, 342 U.S. 165, 169, 72 S.Ct.

---

[2] The record is not clear regarding the status of the I-130 petition. Respondents' Form I-213 indicates that it is still pending (ECF No. 14-1 at 2), but there is no indication as to whether or when USCIS intends to complete its adjudication.

205, 96 L.Ed. 183 (1952) (internal quotation marks omitted).

> Because courts "must assume that when drafting the INA, Congress did not intend an absurd or manifestly unjust result," Lockhart v. Napolitano, 573 F.3d 251, 260 (6th Cir. 2009), the Court concludes that Congress could not have intended its silence on the interplay between adjustment and removal to permit ICE to exploit the former in service of the latter. Accordingly, Petitioner has demonstrated that his arrest at USCIS's offices and his detention pursuant to that arrest likely violated the INA.

Id. at 466.

Respondents attempt to distinguish the instant case from You, Xiu Qing v. Nielsen by emphasizing that the petitioner in You, Xiu Qing was subject to a final order of removal whereas the Petitioner in the instant case was placed in removal proceedings. ECF No. 17. While the undersigned acknowledges that Petitioner is detained pursuant to § 1226 rather than § 1231, the source of detention authority does not alter the analysis. The Petitioners in both scenarios "risk[ ] removal before being able to complete the adjustment of status process" which would require a reading of the INA that would "nullif[y] its adjustment of status scheme." You, Xiu Qing, 321 F. Supp. 3d at 465.[3]

This court has previously adopted the reasoning in You, Xiu Qing v. Nielsen to find that arrest at an adjustment of status interview violates the INA. See Franco v. Meyer, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782 (E.D. Cal. Nov. 25, 2025). Here, too, the undersigned finds that Respondents "used the adjustment of status scheme as a sword when it was intended to be used as a shield," (You, Xiu Qing, 321 F. Supp. 3d at 466) and violated the INA in doing so.

**IV.    Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Petitioner's application for a writ of habeas corpus be GRANTED.

2.    Respondents be ORDERED to immediately release Petitioner from Respondents'

---

[3] Also irrelevant is Respondents' contention that Petitioner's criminal history distinguishes this matter from You, Xiu Qing. Respondents have not alleged that Petitioner's criminal convictions render him inadmissible or otherwise ineligible to adjust status, nor do they allege that Petitioner's criminal convictions would subject him to mandatory detention under 8 U.S.C. §1226(c).

5

custody. At the time of release, Respondents shall be required to return all of Petitioner's documents and possessions.

3. Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner notice and a pre-detention hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

4. The Clerk of Court be directed to serve **California City Immigration Processing Center** with a copy of any order granting release.

5. Any final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk be directed to enter judgment in favor of Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 17, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3 Sing1055.imm.fnr

6